UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-61329-CV-LENARD/TURNOFF

HOLLY MORRISON,

      Plaintiff,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Receiver of
WASHINGTON MUTUAL BANK and,
JP MORGAN CHASE BANK, N.A.,

      Defendant,

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant JP Morgan Chase Bank, N.A.'s (JPMC) Motion to Dismiss Counts X and XI of Third Amended Complaint **[DE 77]**, and an Order of Referral entered by the Honorable Joan A. Lenard on August 31, 2010. **[DE 86]**.

Upon review of the Motion **[DE 77]**, the Response **[DE 82]**, the Reply **[DE85]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

Plaintiff filed her Third Amended Complaint on June 9, 2010. **[DE68]**.   Federal Deposit Insurance Corporation (as Receiver for Washington Mutual Bank) and JP Morgan Chase Bank, N.A. are named Defendants.  Plaintiff alleges, *inter alia*, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g),§2609(a)(1), violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681S-2(b), violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, violation of Florida Statute § 501.37 (Consumer Protection), and violation of the Telephone Protection Act, 47 U.S.C. § 227(b)(1).  The Complaint also alleges  Slander of Credit, and Libel *per se*.  Id.

This case arises out of a mortgage note originally serviced by Washington Mutual Bank

("WAMU"). Plaintiff alleges that WAMU mishandled her escrow funds and wrongfully declared her in default. Plaintiff further alleges that WAMU began unjustified collection efforts, which included, among other things, the improper reporting of outstanding debts to credit reporting agencies. See [DE 68, ¶ 32, 63-64]. Sometime thereafter, WAMU became insolvent and the Federal Deposit Insurance Corporation (FDIC) assumed ownership of its assets. Id. at ¶ 8. JPMC succeeded the FDIC and began servicing Plaintiff's mortgage. According to Plaintiff, JPMC continued WAMU's unjustified collection efforts, and filed a foreclosure action in state court. Id. at ¶ 22.

Plaintiff is requesting the following relief: (a) an order compelling Defendants to transfer legal title and possession of the subject property to Plaintiff; (b) a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants be declared to have no estate, right, title or interest in said property; ( c) a judgment forever enjoining said Defendants from claiming any estate, right, title or interest in the subject property. [DE 68].

## Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court must accept the plaintiff's factual allegations as true and construe them broadly and in the light most favorable to the plaintiff. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); Cottone v. Jenne, 326 F.3d 1352, 1355 (11th Cir. 2003). The threshold of sufficiency for a complaint to withstand a motion to dismiss is that it must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." United States v. Baxter International, Inc., 345 F.3d 866, 880 (11th Cir. 2003) (internal quotations and citation omitted). In reviewing the motion, the Court "may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment." Caravello v. American Airlines, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); see also St.

2

George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

**Instant Motion**

In its Motion **[DE 77]**, JPMC argues that: (1) Count X, common law slander of credit is preempted by federal law; and that (2) as to Count XI, Plaintiff fails to identify any specific contractual provision breached by JPMC.   In her Response **[DE 82]**, Plaintiff voluntarily withdraws Count X *without prejudice*.   In this connection, JPMC suggests that said withdrawal should be treated as an unopposed motion to amend the Third Party Complaint to remove the Count under Fed.R.Civ.P. 15(a). **[DE 85]**. This Court agrees. Therefore, it is **RESPECTFULLY RECOMMENDED** that Plaintiff be permitted to amend the Third Party Complaint accordingly.

The remaining aspect of JPMC's Motion **[DE 77]**, i.e., Count XI, shall be addressed below.

**Analysis**

As noted above, JPMC argues that Plaintiff's breach of contract claim (Count XI) fails because it does not point to a single contractual provision breached by JPMC.   Plaintiff, on the other hand, argues that the relevant Promissory Note was attached as Exhibit A to the Complaint, and is therefore, incorporated by reference thereto. **[DE 82]**. In its Response, Plaintiff does specifically refer to ¶ 18 of Exh. A, which sets forth the lender's ability to begin foreclosure proceedings. Plaintiff's Response also refers to ¶ 9 which indicates that the lender may accelerate the terms and require full payment if the borrower is in default. Id.

In its Reply **[DE 85]**, JPMC concedes that Plaintiff's Response *"may* properly identify the alleged breaches sufficient to state a claim for breach of contract." **[DE 85]**. In so doing, JPMC suggests that "if the Court is going to permit [Plaintiff] to amend the pleading to delete her Slander of Credit Count (Count X), then [Plaintiff] can, at that time, also amend her Breach of Contract Count

(XI) to identify, as she does in her Response, the specific contractual provisions allegedly breached by JPMC. Again, JPMC has no objection to such an amendment." Id. at fn.1.

Upon review of the Motion [DE 77], the Response [DE82], the Reply [DE 85], the court file, and being otherwise duly advised in the premises, the undersigned finds that JPMC's Motion is well taken. Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that JPMC's Motion [DE 77] be **GRANTED**. It is **FURTHER RESPECTFULLY RECOMMENDED** that Plaintiff be granted leave to amend consistent with the findings noted *supra*.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11thCir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ____ day of September 2010.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Joan A. Lenard
      Counsel of Record